Ryan L. Eddings, Bar No. 256519
reddings@littler.com
Julie R. Campos, Bar No. 314063
jcampos@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California  93704.2225
Telephone:     559.244.7500
Fax No.:        559.244.7525

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17
18
19
20

| | |
|---|---|
| LATASHA M. WINCE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> PACIFIC GAS and ELECTRIC COMPANY, a California corporation; JANAE VALENCIA, an individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | Case No. <br><br> **DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT** <br><br> Complaint Filed:   January 18, 2023 |

21    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

22 EASTERN DISTRICT OF CALIFORNIA AND PLAINTIFF LATASHA M. WINCE:

23    PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446,

24 Defendant PACIFIC GAS AND ELECTRIC COMPANY ("Defendant") hereby removes the

25 above-captioned action from the Superior Court for the State of California, in and for the County

26 of Sacramento to the United States District Court, Eastern District of California.  Removal is proper

27 based on the existence of a federal question, as further discussed below.

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1

DEFENDANT PACIFIC GAS AND
ELECTRIC COMPANY'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

## I.      STATEMENT OF JURISDICTION (FEDERAL QUESTION)

1.      Removal jurisdiction exists because this Court has original jurisdiction over LATASHA M. WINCE'S ("PLAINTIFF") Complaint pursuant to 28 U.S.C. § 1331, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action arising under the laws of the United States (Federal Question Jurisdiction). As set forth herein, this case meets all of the requirements for removal, is timely, and is properly removed by the filing of this Notice.

## II.     PROCEDURAL BACKGROUND

2.       On January 18, 2023, Plaintiff filed a complaint in the Superior Court of California, County of Sacramento, titled *Latasha M. Wince v. Pacific Gas and Electric Company, et al.*, Case No. 34-2023-00333155-CU-WT-GDS (the "Complaint"), which is attached hereto as **Exhibit A**. (Declaration of Julie R. Campos in Support of Defendant's Notice of Removal of Civil Action to Federal Court ["Campos Decl."], ¶ 2.)

3.      Plaintiff's Complaint asserts four causes of action, including: (1) race discrimination, harassment, and retaliation, (2) wrongful termination in violation of public policy, (3) failure to take all reasonable and necessary steps to prevent and correct discrimination, harassment, and retaliation, and (4) intentional infliction of emotional distress. Plaintiff alleges the first and fourth causes of action against all defendants, and alleges the second and third causes of action against Defendant Pacific Gas and Electric Company only. (Campos Decl., ¶ 4.)

4.      On February 28, 2023, Defendant filed in the Superior Court its Answer to Plaintiff's Complaint. A true and correct copy of Defendant's Answer to Plaintiff's Complaint is attached hereto as **Exhibit B**. (Campos Decl., ¶ 5.)

5.      Pursuant to 28 U.S.C. § 1446(a), the remaining submissions in this action on file with the Sacramento County Superior Court are attached hereto as **Exhibit C**. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been served by any party.  (Campos Decl., ¶ 6.)  To Defendant's knowledge none of the other named Defendants have been served to date.  (Campos Decl., ¶ 3.)  To Defendant's knowledge, none of the Doe Defendants have been identified or served to date.  (Campos Decl., ¶ 3.)

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

### III.    VENUE

6.    The action was filed in Superior Court of the State of California, County of Sacramento.  Venue properly lies in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 84(b), 1391, and 1441(a).

### IV.    TIMELINESS OF REMOVAL

7.    Defendant was first served with a copy of the Summons and Complaint on January 30, 2023.  (Campos Decl., ¶ 2; Exhibits A, C.)  This Notice is timely in that it is being filed within thirty (30) days of the date of service of the Summons and Complaint on Defendant, which was the first time that Defendant ascertained that the State Court Action was removable under federal law. *See* 28 U.S.C. § 1446(b).

### V.    FEDERAL QUESTION JURISDICTION

#### A.    The Parties and The Union

8.    Plaintiff was employed by Defendant in a classification that is part of the bargaining unit represented by the Local Union No. 1245 International Brotherhood of Electrical Workers (the "Union").  (Declaration of Chenelle Ponce in Support of Defendant's Notice of Removal of Civil Action ["Ponce Decl."] at ¶ 3-4, Ex. 1).

9.    Defendant is a company engaged in an industry affecting commerce within the meaning of the National Labor Relations Act ("NLRA").  29 U.S.C. §§ 152(2), (6), (7), and 185(a). The Union is a labor organization under the NLRA and Labor Management Relations Act ("LMRA").  29 U.S.C. §§ 152(5) and 185(a).  Defendant and the Union, at all relevant times, have been parties to a Collective Bargaining Agreement ("CBA").  (Ponce Decl. ¶ 3, Ex. 1; *See also* Defendant's Request for Judicial Notice ["RJN"] at ¶ 1).

#### B.    Plaintiff's Employment

10.    Plaintiff began working for Defendant as a Customer Service Representative on July 21, 2021. (Ponce Decl., ¶ 4).  Throughout her employment, Plaintiff remained in a probationary role within the Union-represented bargaining unit, and therefore was subject to the CBA. (*Id.* at ¶ 4.) Plaintiff's employment with Defendant ended on March 5, 2022, prior to the expiration of her

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

3

probationary period. (*Id.* at ¶ 4.)

### C. Allegations Relevant to Removal and Federal Question

11.     Plaintiff's claim for wrongful termination hinges on the proposition that she was terminated in part because of an improper desire by Defendant to deprive her of her contractual rights under the CBA. Specifically, Plaintiff alleges that she was "terminated just one week before becoming a full member" of the Union. (Complaint at ¶ 22, 47, 65.) Plaintiff further alleges that because of her termination within her probationary period, she was unable to "fully benefit" from the Union and was "unable to initiate any grievance procedures." (Complaint at ¶ 23, 47, 65.)

12.     Each of Plaintiff's causes of action center around her alleged wrongful termination. In her Complaint, Plaintiff specifically references the alleged wrongful termination under each cause of action. (Complaint at ¶ 22-23, 32, 46-50, 54, 65.)

13.     Plaintiff's claim for Intentional Infliction of Emotional Distress ("IIED") is based upon the same allegations as her other causes of action. Indeed, Plaintiff simply incorporates her preceding allegations by reference, and cites to the same claim that she was "terminated just one week before becoming a full member" of the Union, that she was unable to "fully benefit" from the Union, and was "unable to initiate any grievance procedures." (Complaint at ¶ 22-23, 47, 65.) Plaintiff generically alleges that this conduct was "extreme and outrageous". (*Id.* at ¶ 66.)

### D. Relevant Collective Bargaining Agreement Provisions

14.     The relevant CBA was in effect throughout Plaintiff's employment. (Ponce Decl., ¶ 3, Ex. 1.) Title 9 of the CBA establishes the grievance procedure for bargaining unit employees to dispute alleged violations of the CBA. (Ponce Decl., ¶ 3, Ex. 1, P. 16-24.)  Section 9.2 of the CBA specifically provides that disputes regarding the "[d]ischarge, demotion, suspension or discipline of any individual employee" shall be determined by the grievance procedures established therein. (Ponce Decl., ¶ 3, Ex. 1, P. 16-17.)

15.     Moreover, Section 17.5 provides that "employees shall be designated as probationary and regular, depending on the length of their Service."  (Ponce Decl., ¶ 3, Ex. 1, P. 41.) Further, Section 17.5(b) states that "[a]s long as a probationary employee retains such status,

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

4

DEFENDANT PACIFIC GAS AND
ELECTRIC COMPANY'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

the employee shall not acquire any Service, or rights with respect to leave of absence, holidays, job bidding and promotion, demotion and layoff, sick leave, vacation, or similar rights and privileges."[1] (*Id.* at P. 41.) Notably, this Section *does not* exclude probationary employees from grievance procedures or just cause termination rights. Indeed Section 24.1 of the CBA establishes just cause termination rights for employees, and does not distinguish between probationary and regular employees. (*Id.* at P. 64.)

**E.     Plaintiff's Claims are Preempted by Section 301 of the LMRA Because the Outcome of Each Claim Requires Interpretation of the Terms of the CBA**

16.     Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a). State law causes of action whose outcome depends on an interpretation of the terms of a collective bargaining agreement are preempted by Section 301 of the LMRA.  *See Young v. Anthony's Fish Grottos, Inc*., 830 F.2d 997, 999 (9th Cir. 1987). If evaluation of a claim is inextricably intertwined with consideration of the terms of the labor contract, it is preempted and may be removed to federal court.  *Id.*  These claims must be re-characterized as LMRA Section 301 claims and, as such, are removable to federal court.  *Associated Builders & Contractors*, 109 F.3d at 1356; *Young*, 830 F.3d at 997, 1002.

17.     As detailed above, Plaintiff's claims hinge on whether Defendant terminated Plaintiff in violation of the CBA, whether Plaintiff's termination was motivated an intent to deny Plaintiff "full" benefits under the CBA, and whether Plaintiff had access to the grievance procedure as a probationary employee under the CBA. (Complaint at 22-23, 32, 46-47, 54, 65.) The resolution of each of these claims requires the interpretation of the terms of the CBA, and therefore may be removed to federal court. *Young*, 830 F.3d at 997, 999.

18.     Section 301 preempts all state law claims the evaluation of which is "inextricably intertwined" with the resolution of a dispute about the meaning or application to of the terms of a labor contract.  *Hayden v. Reickerd*, 957 F.2d 1506, 1509 (9th Cir. 1991).  "Once preempted, any

---

[1] Probationary employees in California are eligible for California Paid Sick Leave.

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

5

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

claim purportedly based on a state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (internal citations and quotations omitted); *accord Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 403 (9th Cir. 1990). All of Plaintiff's claims are inextricably intertwined with Plaintiff's allegation that she was wrongfully terminated and that her termination was motivated in part by an intent to deny her "full" rights under the CBA.  (Complaint at 22-23, 32, 46-47, 54, 65.)

19.     There is a strong federal policy, as expressed in the LMRA, that amicable labor-management relations be safeguarded and promoted through the development of a uniform body of federal common law regarding collective bargaining agreements.  *See Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103–04 (1962); *Textile Workers Union of America v. Lincoln Mills of Alabama*, 353 U.S. 448, 456–57 (1957).  Section 301 completely preempts all claims that are based on, or require the interpretation of, a collective bargaining agreement.  *See United Steelworkers of America v. Rawson*, 495 U.S. 362, 368–69 (1990); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209–11 (1985); *accord Associated Builders & Contractors, Inc. v. Local 302 International Brotherhood of Electrical Workers*, 109 F.3d 1353, 1356–57 (9th Cir. 1997) (Section 301 is purposefully construed "quite broadly to cover most state-law actions that require interpretation of labor agreements").  Where, as here, the complaint alleges that a plaintiff was wrongfully denied rights created by a collective bargaining agreement, Section 301 preemption squarely applies.

20.     The fact that Plaintiff has not made specific reference to Section 301 of the LMRA will not preclude removal.  *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 237 (9th Cir. 1990). Rather, preemption is required if Plaintiff's claims can only be resolved by interpreting the terms of the CBA.  *Id*.  Plaintiff may not be permitted to "artfully plead" his claims to conceal the true nature of the complaint.  *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189 (9th Cir. 1983), overruled on other grounds by *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1246 (9th Cir. 2009).  The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are, in fact, a Section 301 claim for breach of the CBA which has been "artfully

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

6

DEFENDANT PACIFIC GAS AND
ELECTRIC COMPANY'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

pleaded" to avoid federal jurisdiction. *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder*, 702 F.2d at 191.

21.     As discussed, all of Plaintiff's claims are (1) completely preempted by Section 301 of the LMRA, (2) properly characterized as Section 301 claims, and (3) removal jurisdiction exists on this basis. However, to the extent that any pleaded claim is deemed not preempted by Section 301 of the LMRA, it is still removable to this Court pursuant to its power to hear pendent state law claims that arise "from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *Bale v. General Telephone Co. of California*, 795 F.2d 775, 778 (9th Cir. 1986).

**F.     Plaintiff's Claim for Intentional Infliction of Emotional Distress is Preempted by Section 301 of the LMRA**

22.     Plaintiff's claim for IIED is entirely based upon the same allegations as her preceding claims – namely that Defendant wrongfully terminated her employment in violation of the CBA in an attempt to deprive her of her rights under the CBA. (Complaint at ¶ 22-23, 47, 65.) It is well established that "where a claim for IIED is 'no more than a claim that [the plaintiff] was fired without good cause and that as a result he suffered emotional distress' the claim is preempted under the NLRA." *Traister v. Albertson's LLC*, 2023 U.S. Dist. LEXIS 6236 at *16 (citing *Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1352 (9th Cir. 1984). Therefore, Plaintiff's IIED claim is preempted by Section 301.

23.     As many cases have recognized, the reasonableness and/or outrageousness of Defendant's alleged conduct with respect to a union-represented employee depends on the employer and employee's respective rights and duties under the collective bargaining agreement. The weight of the case law is overwhelming: state law IIED claims by union-represented employees are preempted by Section 301. *See Cook*, 911 F.2d at 239-40 (9th Cir. 1990); *Perugini v. Safeway Stores, Inc*., 935 F.2d 1083, 1088 (9th Cir. 1991); *Hyles v. Mensing*, 849 F.2d 1213, 1216 (9th Cir.

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

7

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1988); *Scott v. Machinists Auto. Trades Dist. Lodge No. 190 of N. California*, 827 F.2d 589, 594 (9th Cir. 1987); *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1063 (9th Cir. 1989); *Wise v. Solar Turbines, Inc.*, 2014 WL 2573324, *3 (S.D. Cal. June 9, 2014) ("A plaintiff faces an 'uphill battle' when he attempts to avoid Section 301 preemption of an IIED claim"); *Ortizv. Permanente Med. Group, Inc.,* 2013 WL 1748049, *7 (N.D. Cal. Apr. 23, 2013) (IIED "is not an independent, nonnegotiable standard of behavior. ... [I]t depends upon the relationship between [the parties] such that the terms of the CBA are relevant in evaluating the reasonableness or outrageousness of defendants' conduct"); *De'Sart v. Pacific Gas and Electric Co.*, 2018 WL 3545927 at *5; *Kroeger v. L3 Techs., Inc.*, 2018 WL 1357363 at *11. The narrow exemption to this rule – not applicable here – is for the rare collective bargaining agreement that is *silent* on working conditions and the disciplinary process. *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1063 (9th Cir. 1989).

### G.    The Court has Supplemental Jurisdiction Over Any Non-Preempted Claims

24.    All of Plaintiff's claims, including her First and Third Causes of Action under the FEHA, are inextricably intertwined with the reasons and manner of her termination.  Here, the argument in favor of Section 301 preemption of the entire action (even claims which, standing alone, would not be preempted) is further supported because the various provisions specific to her role as a probationary employee (as opposed to a "regular employee") must be grappled with in determining whether Plaintiff was able to initiate the grievance procedure under the CBA in order to address her claims of discrimination, harassment, and/or retaliation, and failure to prevent the same.  Accordingly, this Court has supplemental jurisdiction over the entre action, including any non-preempted claims, because all causes of action are sufficiently related so as to form part of the same case or controversy.  *See* 28 U.S.C. § 1367; *Scott v. Machinists Auto. Trades Dist. Lodge No. 190 of N. California*, 827 F.2d 589, 592 (9th Cir. 1989).

## VI.    NOTICE TO PLAINTIFF AND STATE COURT

25.    Pursuant to 28 U.S.C. section 1446(d), concurrently with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff. (Campos Decl., ¶ 7.) See Defendant's

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

8

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Notice to Plaintiff of Removal of Civil Case to Federal Court, attached hereto as **Exhibit D**.[2]  In

2  addition, a copy of this Notice of Removal will be promptly filed with the Clerk of the Superior

3  Court of the State of California for the County of Sacramento. (Campos Decl., ¶ 8.) See Defendant's

4  Notice to State Court of Removal of Civil Case to Federal Court, attached hereto as **Exhibit E**.[3]

5        26.     WHEREFORE, pursuant to 28 U.S.C. §1331, 1441(a) and 1446, Defendant removes

6  this case from the Superior Court of the State of California, County of Sacramento, to the United

7  States Court for the Eastern District of California.

8        Dated: March 1, 2023                LITTLER MENDELSON, P.C.

9

10

11                                    Ryan L. Eddings

12                                    Julie R. Campos

13                                    Attorneys for Defendant

14                                    PACIFIC GAS AND ELECTRIC COMPANY

15

16

  4887-2924-4497.1 / 101443-1144

17

18

19

20

21

22

23

24

25

26  _____

27  [2] So as to avoid lodging duplicative papers with this Court, the exhibits to Defendant's Notice to Plaintiff of Removal of Civil Action to Federal Court are omitted from this filing.

28  [3] So as to avoid lodging duplicative papers with this Court, the exhibits to Defendant's Notice to State Court of Removal of Civil Action to Federal Court are omitted from this filing.

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

9

DEFENDANT PACIFIC GAS AND
ELECTRIC COMPANY'S NOTICE OF
REMOVAL OF CIVIL ACTION TO
FEDERAL COURT

Exhibit "A"

FILED
Superior Court Of California,
Sacramento
01/18/2023
amoreno0
By ............................... , Deputy
Case Number:
34-2023-00333155

1  Jerome Anthony Clay, Jr., Esq. (SBN: 327175)
2  LAW OFFICES OF JEROME A. CLAY
3  5250 Claremont Avenue, Suite 221
4  Stockton, California 95207
5  Phone: (209) 603-9852
6  Fax: (510) 280-2841
7  jclay7@claylaw.net

8  Attorney for Plaintiff
9  LATASHA M. WINCE

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                        COUNTY OF SACRAMENTO

12

13  LATASHA M. WINCE, an individual,          )  CASE NO.: _____
14                                            )
15                    *Plaintiff,*            )  PLAINTIFF'S COMPLAINT FOR:
16                                            )
17              vs.                           )  1. Race Discrimination, Harassment and
18                                            )     Retaliation in Violation of FEHA
19  PACIFIC GAS and ELECTRIC COMPANY,         )     §§12940 *et seq.*
20  a California corporation; JANAE VALENCIA, )  2. Wrongful Termination in Violation of Public
21  an individual; and DOES 1 through 50, inclusive, )     Policy
22                                            )  3. Failure to Take All Reasonable and Necessary
23                    *Defendants.*           )     Steps to Prevent and Correct Discrimination,
24                                            )     Harassment, and Retaliation in violation of
25                                            )     FEHA §§12940 et seq.
26                                            )  4. Intentional Infliction of Emotional Distress
27                                            )
28                                            )
29                                            )  [Demand for Jury Trial]
30                                            )                              BY FAX
31                                            )

                                          1
                                      Complaint

LAW
OFFICES OF
JEROME A
CLAY

1    Plaintiff, LATASHA M. WINCE (hereinafter referred to as "Plaintiff" or "WINCE"), brings this

2    action against Defendants, PACIFIC GAS & ELECTRIC COMPANY (hereinafter referred to as

3    "PG&E"), JANAE VALENCIA (hereinafter referred to as "VALENCIA"), and DOES 1 through 50,

4    inclusive (hereinafter collectively referred to as "Defendants"), and in support thereof, would respectfully

5    show unto the Honorable Court as follows:

6                                          **INTRODUCTION**

7         1.      This lawsuit stems from Defendants' unlawful practices, discrimination, harassment, and

8    retaliation against Plaintiff in regard to terms, conditions, and privileges of employment. Plaintiff brings

9    this action under the California Fair Employment and Housing Act (hereinafter referred to as "FEHA"),

10   California Government Code §§ 12940 et seq., to correct the Defendants' unlawful practices against her

11   and to get appropriate relief as she has been adversely affected by Defendants' such practices.

12                                  **JURISDICTION AND VENUE**

13        2.      This Court has jurisdiction over this action pursuant to the Code of Civil Procedure, §§

14   32.5 and 410.10. The jurisdiction of this Court is also invoked pursuant to FEHA Cal. Gov. Code §§

15   12900 et seq.

16        3.      The venue is proper pursuant to Code of Civil Procedure, § 395(a) because Plaintiff was

17   employed by Defendant PG&E in Sacramento County, State of California.

18                                          **PARTIES**

19        4.      Plaintiff, WINCE, is an individual, and at all times relevant to this Complaint, was a

20   resident of the City of Stockton, County of San Joaquin, State of California. Plaintiff, at all times relevant

21   to this Complaint, employee of Defendant PG&E within the meaning of Cal. Gov. Code §§ 12940 et seq.

22        5.      Defendant, PG&E, is a California corporation, and at all times relevant to this Complaint

23   was, doing business in Sacramento County, State of California. At all times relevant to this Complaint,

24   Defendant PG&E is an employer within the meaning of Cal. Gov. Code § 12940(j)(4)(A). Cal. Gov. Code

LAW
OFFICES OF
JEROME A
CLAY

1  §§ 12940 *et seq.*, obligates employers to provide a work environment free from discrimination,

2  harassment, and retaliation and take all reasonable steps necessary to prevent discrimination, harassment,

3  and retaliation from occurring.

4      6.    Defendant, VALENCIA, is an individual, and at all times relevant to this Complaint, was

5  an employee of PG&E.

6      7.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES

7  1 through 50, inclusive, and therefore sue these Defendants by such fictitious names under Code of Civil

8  Procedure, § 474.  Plaintiff will seek the Court's leave to amend this Complaint to allege the true names

9  and capacities of Defendants sued herein as DOES 1 through 50 when ascertained.  Plaintiff is informed

10  and believes, and thereon alleges, that the Defendants named in this Complaint, including DOES 1 through

11  50, inclusive, are responsible in some manner for one or more of the events and happenings that

12  proximately caused the injuries and damages alleged herein.

13      8.    The officers, agents, and/or employees of the Defendants and each of them acting on behalf

14  of the Defendants acted within the course and scope of their employment.  The officers, agents, and/or

15  employees of the Defendants personally participated and were authorized by PG&E in the conduct alleged

16  herein on behalf of the Defendants.  Consequently, all Defendants are jointly and severally liable to

17  Plaintiff for the loss sustained as a direct and proximate result of the conduct of the Defendants' officers,

18  agents, and/or employees.

19      9.    Plaintiff is informed and believes, and upon such information and belief, alleges that each

20  Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and exercised

21  control over wages, hours, and working conditions.  Plaintiff is informed and believes, and upon such

22  information and belief, alleges that each Defendant acted in all respects pertinent to this action as the agent

23  of the other Defendants. Each Defendant carried out a joint scheme, business plan, or policy in all respects

24  pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

LAW
OFFICES OF
JEROME A
CLAY

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.     Prior to the initiation of this lawsuit, Plaintiff has met all the jurisdictional requirements for proceeding with her claims under the California FEHA (Cal. Gov. Code §§ 12960 et seq.) by timely filing administrative complaints with the Civil Rights Department ("CRD").  At Plaintiff's request, the CRD issued Right-to-Sue Letter on December 6, 2022.  A true and correct copy of such Right-to-Sue Letter is attached hereto as **Exhibit "A"** and is fully incorporated herein by reference.

11.     This action is filed within one year of the date of the Right-to-Sue letter.  Consequently, Plaintiff has fully exhausted her administrative remedies to file this Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

12.     In July 2021, Plaintiff WINCE started her employment with PG&E as a Customer Service Representative.  The job information and training were provided to Plaintiff in English.

13.     Plaintiff's responsibilities included answering calls, creating tickets, sending out texts, and advising of account status.

14.     Plaintiff was paid on an hourly basis.  She worked 40 hours a week and sometimes did overtime too.  She did her job very well and used to get good compliments from the customers.

15.     Plaintiff was racially discriminated against by her Latin supervisor VALENCIA. VALENCIA frequently used Spanish during meetings and group chats, thus isolating a big group of people.

16.     VALENCIA also provided instructions in Spanish that only Spanish-speaking people could understand.  Not everyone in the group knew the Spanish language.

17.     When Plaintiff pointed this issue to her supervisor VALENCIA, she didn't like it.  After that, her supervisor stopped passing the customer compliments to her, and because of that, Plaintiff lost several customer compliments.

4
Complaint

LAW
OFFICES OF
JEROME A.
CLAY

1    18.    Plaintiff had a lot of good reviews and customer compliments when she worked under her

2    previous manager.. The photographs of Plaintiff's Compliment Forms are attached hereto as **Exhibit "B"**

3    and are fully incorporated herein by reference.

4    19.    Plaintiff was approached by VALENCIA and asked about her experience as a supervisor.

5    VALENCIA then told Plaintiff that she needed a mentor. Even though the Plaintiff was quite familiar

6    with her work and was doing it well, but still a mentor was assigned to her.

7    20.    Plaintiff's mentor expressed to her that they didn't know why they had been called because

8    Plaintiff was doing a good job. The same thing happened with Plaintiff's Latin co-worker Christina as

9    she was also given a mentor.

10    21.    On March 4, 2022, Plaintiff was terminated from her employment without any specific

11    reason, but Christina is still doing her job with PG&E.

12    22.    Plaintiff's employment was terminated just one week before becoming a full member of

13    the "International Brotherhood of Electrical Workers, Local Union 1245" ("IBEW").

14    23.    Plaintiff was paying IBEW's dues, but in order to fully benefit from them, she needed eight

15    months of membership. However, because of Plaintiff's termination from PG&E, she was unable to

16    initiate any grievance procedures.

17    24.    As a direct and proximate result of PG&E'S adverse employment action against Plaintiff,

18    she has suffered and will suffer a loss of past and future income.

19    25.    As a direct and proximate result of the Defendants' extreme and outrageous conduct,

20    Plaintiff suffered and continues to suffer physical and mental pain, including distress, anxiety, anguish,

21    humiliation, embarrassment, emotional distress, and indignity.

22    ///

23    ///

24    ///

LAW
OFFICES OF
JEROME A
CLAY

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Race Discrimination, Harassment, and Retaliation in Violation of Cal. Gov. Code §§ 12940 *et seq*.)**
**(Against All Defendants)**

26.   Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–25 with the same force and effect as though fully set forth herein.

27.   PG&E, as an employer, is subject to the laws of the State of California and the Fair Employment and Housing Act for discrimination based on race and national origin because, at all times relevant herein, it regularly employed one or more persons in the State of California.

28.   Defendants' conduct, as alleged, violated FEHA, Government Code section 12900, *et seq.*, and Defendants committed unlawful employment practices, including by the following basis for liability:

  a.   Discharging, barring, refusing to transfer, retain, hire, select, and/or employ, and/or otherwise discriminating against Plaintiff, in whole or in part based on Plaintiff's race, in violation of Government Code section 12940(a);

  b.   Harassing Plaintiff and/or creating a hostile work environment, in whole or in part based on Plaintiff's race, in violation of Government Code section 12940(j);

  c.   Failing to take all reasonable steps to prevent discrimination and harassment based on race, in violation of Government Code section 12940(k); and

  d.   Retaliating against Plaintiff for seeking to exercise rights guaranteed under FEHA and/or opposing Defendants' failure to provide such rights, in violation of Government Code section 12940(h).

29.   Plaintiff started working with Defendant PG&E in July 2021, as a Customer Service Representative.  Plaintiff was racially discriminated against by her Latin supervisor, VALENCIA, who frequently used Spanish during meetings and group chats, thus isolating a big group of people.  However, the job information and training were provided to Plaintiff in English.

LAW OFFICES OF JEROME A. CLAY

30.     VALENCIA also provided instructions in Spanish that only Spanish-speaking people could understand. Not everyone in the group knew the Spanish language.

31.     When Plaintiff pointed this issue to her supervisor VALENCIA, she didn't like it. After that, in retaliation, VALENCIA stopped passing the customer compliments to Plaintiff, and because of that, Plaintiff lost several customer compliments.

32.     Even though Plaintiff was quite familiar with her work and was doing it well, but still a mentor was assigned to her and her Latin co-worker Christina. Subsequently, on March 4, 2022, PG&E terminated Plaintiff's employment without any specific reason.

33.     Plaintiff's Latin supervisor VALENCIA discriminated between Plaintiff and her Latin co-worker Christina as Christina is still doing her job with PG&E.

34.     Plaintiff is informed and believes and thereon alleges that a reasonable person in Plaintiff's circumstances would have considered the work environment as hostile or abusive. Plaintiff considered the work environment to be hostile or abusive and unfavorable towards Plaintiff.

35.     Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff arising from an improper and evil motive amounting to malice and in conscious disregard of the rights of Plaintiff. Such conduct was also authorized and/or ratified by agents, employees, and officers of PG&E.

36.     As a direct and proximate result of Defendants' willful, knowing, and intentional Discrimination, Harassment, and Retaliation against Plaintiff, she has sustained and continues to sustain substantial losses of earnings and other employment benefits.

37.     As a direct and proximate result of Defendants' willful, knowing, and intentional Discrimination, Harassment, and Retaliation, Plaintiff has suffered and continues to suffer physical and mental pain, including distress, anxiety, anguish, humiliation, embarrassment, emotional distress, and indignity, all to their damages in a sum according to proof at the trial.

LAW OFFICES OF JEROME A. CLAY

1    38.    As a direct and proximate result of Defendants' willful, knowing, and intentional

2  Discrimination, Harassment, and Retaliation, Plaintiff seeks an award of punitive and exemplary damages

3  to be determined at the trial.

4    39.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant

5  to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs

6  in an amount according to proof at the trial.

7  
8                                 SECOND CAUSE OF ACTION
                         (Wrongful Termination in Violation of Public Policy)
9                              (Against PG&E and DOES 1 to 50)

10   40.    Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–25 with the

11  same force and effect as though fully set forth herein.

12   41.    Plaintiff is informed and believes and thereon alleges that she was discharged from

13  employment for reasons that violate a public policy.

14   42.    Plaintiff was an employee of PG&E and worked as a Customer Service Representative.

15  During Plaintiff's employment with PG&E, she performed her job in a competent, capable, satisfactory,

16  and/or exemplary manner.  Nevertheless, Plaintiff was terminated by PG&E, and each of them, on or

17  about March 4, 2022.

18   43.    Despite the fact that Plaintiff received job information and training in English,

19  VALENCIA frequently used Spanish during meetings and group chats, isolating a big group of people.

20   44.    VALENCIA also provided instructions in Spanish that only Spanish-speaking people

21  could understand.  Not everyone in the group knew the Spanish language.

22   45.    When Plaintiff pointed this issue to her supervisor VALENCIA, she didn't like it.  After

23  that, her supervisor stopped passing the customer compliments to her, and because of that, Plaintiff lost

24  several customer compliments.

25   46.    Even though Plaintiff was quite familiar with her work and did well in it, a mentor was

LAW
OFFICES OF
JEROME A.
CLAY

1  assigned to her and her Latin co-worker Christina. Subsequently, on March 4, 2022, PG&E terminated

2  Plaintiff's employment without any specific reason. However, her Latin co-worker Christina is still doing

3  her job with PG&E.

4      47.   Plaintiff's employment was terminated just one week before becoming a full member of

5  IBEW. Plaintiff was paying IBEW's dues, but in order to fully benefit from them, she needed eight

6  months of membership. However, because of Plaintiff's termination from PG&E, she was unable to

7  initiate any grievance procedures.

8      48.   As a direct and proximate result of the Defendants' wrongful acts, Plaintiff suffered and

9  will continue to suffer economic damages, including lost wages, lost benefits, and loss of promotional

10  opportunity, in an amount to be determined at the time of trial.

11      49.   As a direct and proximate result of Defendants' wrongful termination of Plaintiff's

12  employment, she has suffered and continues to suffer physical and mental pain, including distress, anxiety,

13  anguish, humiliation, embarrassment, emotional distress, and indignity, all to their damages in a sum

14  according to proof at the trial.

15      50.   As a direct and proximate result of Defendants' wrongful termination of Plaintiff's

16  employment, Plaintiff seeks an award of punitive and exemplary damages to be determined at the trial.

17      51.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant

18  to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs

19  in an amount according to proof at the trial.

20  **THIRD CAUSE OF ACTION**
21  **(Failure to Take All Reasonable and Necessary Steps to Prevent and Correct Discrimination,**
22  **Harassment, and Retaliation in violation of FEHA §§12940 et seq.)**
23  **(Against PG&E and DOES 1 to 50)**

24      52.   Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–25 with the

25  same force and effect as though fully set forth herein.

LAW OFFICES OF JEROME A CLAY

53.    Plaintiff's supervisor VALENCIA frequently used Spanish during meetings and group chats, thus isolating a big group of people. However, the job information and training were provided to Plaintiff in English.

54.    When Plaintiff pointed this issue to her supervisor VALENCIA, she didn't like it. After that, in retaliation, VALENCIA stopped passing the customer compliments to her, and because of that, Plaintiff lost several customer compliments. On March 4, 2022, PG&E terminated Plaintiff's employment without any specific reason.

55.    Plaintiff, on information and belief, alleges that PG&E knew or reasonably should have known of the propensities of Defendant VALENCIA for engaging in unlawful, discriminating, harassing, and/or retaliatory conduct at the workplace. PG&E should have restrained its employee from engaging in unlawful harassment and retaliation and should have provided training and instruction to its employee on the policies pertaining to discrimination, harassment, and retaliation.

56.    Cal. Gov. Code § 12940(j)(3) and (k) were in full force and effect and were binding on the PG&E. These subsections require PG&E to take all reasonable steps necessary to prevent acts of discrimination, harassment, and retaliation, and to take immediate steps to investigate and correct such conduct when it has occurred.

57.    As alleged above, PG&E, violated these subsections by failing to take reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring and failed to take appropriate steps to investigate and correct the conduct once it occurred.

58.    Plaintiff is informed and believes and thereon alleges that PG&E failed to provide adequate training to its officers, agents, supervisors, managers, and/or employees.

59.    Defendant VALENCIA committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff arising from an improper and evil motive amounting to malice and in conscious disregard of the rights of Plaintiff. Such conduct was also

LAW OFFICES OF JEROME A. CLAY

1    authorized and/or ratified by agents, employees, and/or officers of PG&E.

2        60.    As a direct and proximate result of Defendants' willful, knowing, and intentional

3    harassment, discrimination, and retaliation, Plaintiff has suffered and continues to suffer physical and

4    mental pain, including distress, anxiety, anguish, humiliation, embarrassment, emotional distress, and

5    indignity, all to their damages in a sum according to proof at the trial.

6        61.    As a direct and proximate result of Defendants' willful, knowing, and intentional

7    harassment, discrimination, and retaliation, Plaintiff seeks an award of punitive and exemplary damages

8    to be determined at the trial.

9        62.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.  Pursuant

10   to Government Code section 12965(b), Plaintiff is entitled to recover reasonable attorneys' fees and costs

11   in an amount according to proof at the trial.

12                               **FOURTH CAUSE OF ACTION**
13                        **(Intentional Infliction of Emotional Distress)**
14                                  **(Against All Defendants)**

15       63.    Plaintiff repeats, realleges, and incorporates by reference the paragraphs 1–25 with the

16   same force and effect as though fully set forth herein.

17       64.    Plaintiff is informed and believes and thereon alleges that Defendants' conduct, and each

18   of them, caused her to suffer severe emotional distress.

19       65.    Plaintiff's employment was terminated just one week before becoming a full member of

20   IBEW.  Plaintiff was paying IBEW's dues, but in order to fully benefit from them, she needed eight

21   months of membership.  However, because of Plaintiff's termination from PG&E, she was unable to

22   initiate any grievance procedures.

23       66.    Defendants' conduct alleged hereto is extreme and outrageous when it exceeds all bounds

24   of decency usually tolerated by a decent society and is of a nature that is specially calculated to cause and

25   does cause mental distress.

LAW
OFFICES OF
JEROME A.
CLAY

1      67.    Behavior may be considered outrageous if Defendant (1) abuses a relation or position

2  which gives him the power to damage Plaintiff's interest; (2) acts intentionally or unreasonably with the

3  recognition that the acts are likely to result in illness through mental distress.

4      68.    Defendants' discriminatory, harassing, and retaliatory actions against Plaintiff constituted

5  severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

6      69.    Plaintiff was subjected to the Defendants' willful, knowing, and intentional harassment,

7  discrimination, retaliation, and unlawful conduct.

8      70.    California Courts have long held that the violations, like those at issue here, are extreme

9  and outrageous—harassment in the workplace is extreme and outrageous.

10     71.    As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff

11  has suffered and continues to suffer physical and mental pain, including distress, anxiety, anguish,

12  humiliation, embarrassment, emotional distress, and indignity, all to their damages in a sum according to

13  proof at the trial.

14     72.    As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff

15  seeks an award of punitive and exemplary damages to be determined at the trial.

16     73.    As a direct and proximate result of the wrongful acts of Defendants, Plaintiff has been

17  harmed, and in that, she has suffered actual, consequential, and incidental financial losses, including but

18  not limited to loss of salary and benefits and the intangible loss of employment-related opportunities,

19  medical and other benefits in a sum to be determined at the time of trial.

      74.    Defendants' misconduct was committed intentionally and in a malicious, fraudulent, and

  oppressive manner, which entitles Plaintiff to punitive damages.  Plaintiff has incurred and will incur

  attorney's fees and legal costs in an amount according to proof at the time of trial.

20                     **DEMAND FOR JURY TRIAL**

21     75.    Plaintiff hereby demands a trial by jury in this action.

LAW
OFFICES OF
JEROME A.
CLAY

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff LATASHA M. WINCE respectfully prays for relief against Defendants as follows:

(i)   For an award of compensatory damages in an amount to be determined at the time of trial;

(ii)  For an award of punitive and exemplary damages on each cause of action as permitted by law;

(iii) For an award of reasonable attorney's fees and costs of the suit incurred herein;

(iv)  For declaratory relief, including entry of a judgment declaring that the acts and practices of Defendants and their agents and employees as set forth herein violate the foregoing provisions of law;

(v)   For pre-judgment and post-judgment interests, at the legal rate; and

(vi)  For such other and further relief as the Court may deem just and proper.

January 18, 2023

Respectfully submitted,

**LAW OFFICES OF JEROME A. CLAY**

JEROME A. CLAY, JR., ESQ.
*Attorney for Plaintiff*
LATASHA M. WINCE

LAW
OFFICES OF
JEROME A
CLAY

**Exhibit "A"**
Right-to-Sue Letter dated December 6, 2022



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency
GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 6, 2022

Jerome Clay
5178 Mowry Avenue, Suite 145
Fremont, CA 94538

RE:   Notice to Complainant's Attorney
      CRD Matter Number: 202212-19056406
      Right to Sue: Wince / PG&E

Dear Jerome Clay:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 10/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausan Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact center@dfeh ca gov

December 6, 2022

RE:   Notice of Filing of Discrimination Complaint
      CRD Matter Number: 202212-19056406
      Right to Sue: Wince / PG&E

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation.  The employee is prohibited from filing a civil action until the Department does not initiate mediation within the time period specified section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue civil action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 10/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
civilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency             GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

December 6, 2022

Latesha M. Wince
8746 ___ ___ Drive
Stockton, CA 95209

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202212-19056406
Right to Sue: Wince / PG&E

Dear Latesha M. Wince:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective December 6, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5-19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to request all parties participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action if the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing

CRD - ENF 80 RS (Revised 10/22)



IF OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Rights Department
en Drive, Suite 100 | Elk Grove | CA | 95758
684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
ts.ca gov | contact center@dfeh.ca gov

On    uests@dfeh.ca.gov and include the CRD matter number indicated
ue notice.

Right to Sue notice, you must contact the U.S. Equal Employment
mission (EEOC) to file a complaint within 30 days of receipt of this
of  ase Closure or within 300 days of the alleged discriminatory act,
adier.

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

In the Matter of the **Complaint of**

Latasha M. Wince

CRD No. 202212-19056406

Complainant,

vs.

PG&E
P.O. Box 997300
Sacramento, CA 95899

Respondents

1. Respondent PG&E is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Latasha M. Wince**, resides in the City of **Stockton,** State of **CA.**

3. Complainant alleges that on or about **March 4, 2022,** respondent took the following adverse actions:

Complainant was **harassed** because of complainant's race.

Complainant was **discriminated against** because of complainant's race and as a result of the discrimination was terminated.

Complainant experienced **retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated.

Additional Complaint **Details:** In July 2021, Complainant, Latasha M. Wince, started her employment with PG&E as a Customer Service Representative. Complainant's responsibilities included answering calls, creating tickets, sending out texts, and advising of account status. Complainant was paid on an hourly basis. She worked 40 hours a week

-1-

Date Filed: December 6, 2022

CRD-ENF 80 RS (Revised 10/22)

1   and sometimes did overtime too.  She did her job very well and used to get good

2   ........... from the customers.

3   ............ was racially discriminated against by her Latin supervisor Janae Valencia.
    Janae Vale...ia frequently used Spanish during meetings and group chats, thus isolating a
    big group of people.  Not everyone in the group knew the Spanish language.  When
4   Complaina... pointed this issue to her supervisor Janae Valencia, she didn't like it.  After
    that, her supervisor stopped passing the customer compliments to her, and because of that,
5   Complain.... lost several customer compliments.  Complainant had a lot of good reviews
    ............ compliments when she worked under her previous manager.

6

7   ........... was approached by Janae Valencia and asked about her experience as a
    supervisor. ...... Valencia then told Complainant that she needed a mentor.  Even though
8   the Compla... .. was quite familiar with her work and did well in it, a mentor was assigned to
    her.  Com..... .....'s mentor expressed to her that they didn't know why they had been called
9   ..... .. ...plai.... was doing a good job.  The same thing happened with Complainant's
    ..... ..... ...er C...istina as she was also given a mentor.

10
    ..... ...... .... .. Complainant was terminated from her job without any specific reason,
11  ....... is ........ng her job with PG&E.  Complainant tried hard to find a job in the past
    ....... ..... .... ot find it.  Now, Complainant is jobless.  As a result of PG&E'S
12  ..... ...... ....... ....tion against Complainant, she has suffered and will suffer a loss of
    ..... .... .......m...
13

14

15

16

17

18

19

20

21

22

23

24

25

26                                          -2-
                                    Complaint – CRD No. 202212-19056406
27
    ..e .. ...... .... .. 6, 2022
28

1   VERIFICATION

2   I, Jerome Anthony **Clay, Jr.**, am the **Attorney** in the above-entitled complaint. I have
3   read the foregoing complaint and know the contents thereof. The matters alleged are
    based on information and belief, which I believe to be true.

4   On December 6, 2022, I declare under penalty of perjury under the laws of the State
5   of California that the foregoing is true and correct.

6                                                                    **Fremont, California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                       -3-
27
    Date Filed: December 6, 2022
28

                                          **CRD-ENF 80 RS (Revised 10/22)**

Exhibit "B"
Compliment Forms



GREAT JOB!

Compliment Form

| | |
|---|---|
| ...oyee Name: | Tasha Wince |
| ...rvisor Name: | Elizabeth Suafoa |
| ...s Name: | Leah Nuia |
| ...pliment: | 11/04/2021 |
| Comments: | Aloha, Tasha – Linda left a message on my voicemail, stating, "I wanted to give me very good news about Tasha!". She said she was very confused about meters and you took your time to provide the info she needed to get to the solar line and that they would have all the info she required regarding True Up and other things she was confused about. You eased her mind by telling her no late fees and you were extremely reassuring. Nice job putting Linda at ease and pointing her in the right direction!<br><br>Mahalo,<br>Eliz... |

All folders are up to date.
Connected to: Microsoft Exchange
57°F Partly sunny

# NEAT JOB!

*Compliment Form*

LaTasha Wince

Elizabeth Suafoa

Leah Nua

04/2022

Aloha Tasha – Your customer, Brooke, used some fun words when she left a compliment for you this afternoon. "Tasha was delightful, informative, bright, engaging and funny. Please give her a lollipop!". How great. Nice work, Tasha!

Malo

# ...R COURT OF CALIFORNIA

## ...OUNTY OF SACRAMENTO
...MENTO, CALIFORNIA, 95814
916-874-5522
WWW.SACCOURT.CA.GOV

## ...TIVE DISPUTE RESOLUTION
## ...ORMATION PACKAGE

Re... ...solved without the time and expense of traditional civil litigation, the
Su... ...of ...ra...mento (Sacramento County Superior Court), strongly encourages parties in
civil ...e a ...e the use of Alternative Dispute Resolution.

What... ...solution?

Altern... ...the general term applied to a wide variety of dispute resolution processes which
are ... ...P... ...ses include:

- ... ...ate judging
- ... ...eutral evaluation
- ...

- Mini-trials
- Negotiation and *hybrids* of these processes

All A... ...complete alternative to traditional court litigation for resolving disputes. At the present
time... ...offers Mediation and Arbitration.

Wh...

AD... ...auitional court litigation.

* ... ...complex case, a dispute can be resolved through ADR in a matter of months or ... ...years.

* ... ...rlier settlements, ADR can save parties and courts money that might ... ...news fees and court expenses.)

* ... ...have more opportunity with ADR to express their own interests and ... ...y on the parties' legal rights and responsibilities.

* ... ...lity. Parties can choose the ADR process most appropriate for their ... ...e their particular needs.

* ... ...ter satisfaction. ADR encourages cooperation and communication, while no ... ...i in litigation. Surveys of disputants who have gone through ADR have ... ...gh, especially among those with extensive ADR experience.

Arb...

Alth... ...gh ... ...R processes, the types most commonly used to resolve disputes in
Cali... ...nia ... ...n. The Sacramento County Superior Court currently offers pre-
scre... ...er ... ...n each of the following areas.

Arb... ...ide... ...ed by the parties, makes legal rulings, determines facts and makes an
Arb... ...ed as judgments in accordance with the agreement of the parties or,
whe... ...alifornia statutes. Arbitration can be binding if the parties so agree in
writ... ...arty can reject the Arbitration award and request a trial.

CV...


**Mediation.** Mediation is a voluntary, informal, confidential process in which the Mediator, a neutral third party, facilitates settlement negotiations. Mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, ... and ... a mutually acceptable resolution of the dispute.

Litigants are encouraged to use ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference(CMC).

### ADR Procedures for the Sacramento County Superior Court

Upon filing a complaint ... the plaintiff/cross-complainant must acquire this information package from the Court's Website, from the Sacramento Superior Court Clerk. Plaintiff is required to include the ADR Information ... the complaint on the Defendant.

The court ... ADR Forms ... available online at http://www.saccourt.ca.gov or may be obtained at the Civil Filing Counter at the G ... our Sacramento County Courthouse, 720 Ninth Street, Room 101, Sacramento, CA 95814.

**Mediation.**
All parties to the dispute may voluntarily agree to submit the case to a neutral Mediator, either through a court-appointed ... ... ... parties may choose either of the following Mediation choices:

... ... agree to mediate their dispute with a Mediator of their choice ... ... ... Mediation must be borne by the parties equally unless the parties agree ... ... ... will be charged in amount as set by the Mediator (refer to the ADR Panel List for current rate ...

Court Mediation. Upon stipulation of the parties, a Mediator and alternate Mediator will be selected from ... ... ... List). The court will confirm the selected Mediator and

... ... ... ing the parties to confirm a date, time, and place for ... ... ... ADR Panel List have agreed to provide up to three (3) ... ... the Mediation extends beyond 3 hours and parties determine it ... ... ... ... Mediation process; the parties will independently be responsible for ... ... in an amount as set by the Mediator.

**UNLIMITED ...**
- ... ... ... Civil Cases, Form CV\E-MED-179 *(see attached)* may be filed ... ... days prior to the Case Management Conference.

- ... ... ... to their CMC, they may indicate their willingness to stipulate to ... ... ... must submit a *Stipulation and Order to Mediation – Unlimited Civil Cases* ... ... ...

- ... ... ... *Case Management Statement*.

**LIMITED ...**
- ... ... ate Mediation without notification to the Court.

- Parties may stipulate to court mediation by filing a Stipulation and Order to Arbitration/Mediation - Limited Civil Cases form (CV ... 203) at any time after the filing of the Limited Civil Case Status Memorandum form (CV\E-202). This form is ... ... court's website at http://www.saccourt.ca.gov. A Stipulation and Order to Arbitration ... imited Civil Cases MUST be filed concurrently or subsequent to a Limited Civil Case Status Memo ...

Case 2:23-cv-00385-MCE-JDP   Document Filed 03/03/23   Page 38 of 71
Superior Court of California, County of Sacramento
Case Management




**Arbitration**
*UNLIMITED CIVIL CASES*

- ... the parties may stipulate, or the judge may Order the case to Arbitration.  Parties will be asked ... and three alternate arbitrators from the court's ADR Panel List.  The court will send a ... and an appropriate Order to Arbitration to all parties.

- Arbitrations are ... pursuant to California Rules of Court, rules 3.810 through 3.830, and Local Rules ... ess otherwise stipulated, an Award of Arbitrator is not binding upon the parties provided ... Request for Trial De Novo pursuant to California Rules of Court, rule 3.826.  Upon the filing ... Trial De Novo, the case will proceed to a Trial-Setting Conference.  If no timely Request ... d, judgment based upon the Award of Arbitrator will be entered pursuant to California ... 227.

**LIMITED ...**
Arbitration ... civil case under the following circumstances:

- ... the ... pursuant to Code of Civil Procedure section 1141.12.  A stipulation for ... using the court's local form, Stipulation and Order to Arbitration/Mediation – Limited Civil ... A stipulation ... Order to Arbitration/Mediation – Limited Civil Cases MUST be filed ... Case Status Memorandum form (CV\E-202).

- ... judicial arbitration. A written election by the plaintiff to submit an action or ... the Court's local form, Limited Civil Case Status Memorandum form

**Additional ...**
For additional ... the Court's ADR program, please go to the Court's website
http://www ...

Exhibit "B"

Ryan L. Eddings, Bar No. 256519
reddings@littler.com
Julie R. Campos, Bar No. 314063
jcampos@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California  93704.2225
Telephone:     559.244.7500
Fax No.:        559.244.7525

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SACRAMENTO

| | |
|---|---|
| LATASHA M. WINCE, an individual, | Case No.  34-2023-00333155-CU-WT-GDS |
| Plaintiff, | **DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| v. | |
| PACIFIC GAS and ELECTRIC COMPANY, a California corporation; JANAE VALENCIA, an individual; and DOES 1 through 50, inclusive, | |
| Defendants. | Department 38<br>Trial Date: TBD<br>Complaint Filed:   January 18, 2023 |

Defendant  PACIFIC  GAS  AND  ELECTRIC  COMPANY  ("Defendant"), answering the Complaint of Plaintiff LATASHA M. WINCE, an individual ("Plaintiff"), for itself alone  and  for  no  other  Defendants,  hereby  answers  Plaintiff's  unverified  Complaint  (the "Complaint") as follows:

## **GENERAL DENIAL**

Pursuant  to  the  provisions  of  the  California  Code  of  Civil  Procedure  section 431.30(d), Defendant denies generally and specifically each and every allegation contained in the Complaint. In addition, Defendant denies that Plaintiff has sustained, or will sustain, any loss or damage in the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of said Defendant.

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1

**AFFIRMATIVE DEFENSES**

2          Without altering, waiving or excusing the burden of proof of Plaintiff, or admitting

3 that Defendant has any burden of proof or persuasion, and incorporating herein by reference each

4 and every allegation made in the General Denial, Defendant asserts the following affirmative

5 defenses. Defendant does not presently know all the facts concerning the conduct of Plaintiff

6 sufficient to state all affirmative defenses at this time. Defendant is informed and believes that a

7 reasonable opportunity for investigation and discovery will reveal facts in support of the following:

8

**FIRST AFFIRMATIVE DEFENSE**

9        1.     As a separate and distinct affirmative defense, Defendant alleges that the

10 Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause

11 of action upon which relief can be granted.

12

**SECOND AFFIRMATIVE DEFENSE**

13        2.     As a separate and distinct affirmative defense, Defendant alleges that the

14 Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

15

**THIRD AFFIRMATIVE DEFENSE**

16        3.     As a separate and distinct affirmative defense, Defendant alleges that the

17 Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

18

**FOURTH AFFIRMATIVE DEFENSE**

19        4.     As a separate and distinct affirmative defense, Defendant alleges that the

20 Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

21

**FIFTH AFFIRMATIVE DEFENSE**

22        5.     As a separate and distinct affirmative defense, Defendant alleges that the

23 Complaint and each cause of action set forth therein are barred by the doctrine of laches.

24

**SIXTH AFFIRMATIVE DEFENSE**

25        6.     As a separate and distinct affirmative defense, Defendant alleges that the

26 Complaint and each cause of action set forth therein are barred by the doctrine of consent.

27

**SEVENTH AFFIRMATIVE DEFENSE**

28        7.     As a separate and distinct affirmative defense, Defendant alleges that to the

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1  extent further investigation and discovery reveal any after-acquired evidence that bars all or certain

2  remedies in this action, the Complaint and each cause of action set forth therein cannot be

3  maintained against Defendant, and/or Plaintiff is barred from recovering damages or any other

4  remedy by reason of such after-acquired evidence.

5  **EIGHTH AFFIRMATIVE DEFENSE**

6  8.  As a separate and distinct affirmative defense, Defendant alleges that

7  Plaintiff failed to take a reasonable affirmative action to mitigate Plaintiff's damages as they are

8  alleged in the Complaint, and thus Plaintiff's recovery from Defendant, if any, must be denied or

9  reduced to the extent that Plaintiff has failed to mitigate Plaintiff's damages.

10  **NINTH AFFIRMATIVE DEFENSE**

11  9.  As a separate and distinct affirmative defense, Defendant alleges that any

12  recovery to which Plaintiff might other be entitled must be denied or reduced by reason of

13  Plaintiff's contributory or comparative negligence and/or intentional conduct, because Plaintiff

14  failed to exercise reasonable and ordinary care, caution or prudence in order to avoid the alleged

15  incidents, and the alleged injuries and damages, if any, were proximately caused and/or contributed

16  to by Plaintiff's own negligence and/or intentional conduct.

17  **TENTH AFFIRMATIVE DEFENSE**

18  10.  As a separate and distinct affirmative defense, Defendant alleges that the

19  Complaint and each cause of action set forth therein are barred, in whole or in part, because the

20  alleged damages or losses sustained by Plaintiff, if any, resulted from causes other than any act or

21  omission on the part of Defendant, including but not limited to, negligence and/or intentional

22  conduct and/or omissions of third parties and/or entities.

23  **ELEVENTH AFFIRMATIVE DEFENSE**

24  11.  As a separate and distinct affirmative defense, Defendant alleges that

25  Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of avoidable

26  consequences.

27  **TWELFTH AFFIRMATIVE DEFENSE**

28  12.  As a separate and distinct affirmative defense, Defendant is informed and

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

3

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1   believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis

2   alleges, that Plaintiff's claims are barred by Plaintiff's own breach of the duties owed to Defendant

3   under all applicable state and federal laws, including, but not limited to, California Labor Code

4   sections 2854, 2856, 2858, and/or 2859.

5   **THIRTEENTH AFFIRMATIVE DEFENSE**

6   13.   As a separate and distinct affirmative defense, Defendant alleges that the

7   Complaint and each cause of action set forth therein are barred, in whole or in part, because, even

8   if any discriminatory, retaliatory or otherwise unlawful motive existed in connection with any

9   actions taken with respect to Plaintiff (which Defendant denies), Defendant would have engaged in

10   the same conduct absent any alleged discriminatory, retaliatory or otherwise unlawful motive.

11   **FOURTEENTH AFFIRMATIVE DEFENSE**

12   14.   As a separate and distinct affirmative defense, Defendant alleges that any

13   employment practice maintained by Defendant, to the extent such practice may have impacted

14   Plaintiff with respect to any alleged protected status under the Fair Employment and Housing Act,

15   is justified either as a bona fide occupational qualification, by business necessity (including undue

16   hardship), by job relatedness, by security regulations, by non-discrimination or affirmative action

17   plans and/or by requirement of law.

18   **FIFTEENTH AFFIRMATIVE DEFENSE**

19   15.   As a separate and distinct affirmative defense, Defendant alleges, without

20   admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any

21   such acts or omissions purportedly taken by or on behalf of Defendant were taken in good faith as

22   a result of business necessity, for lawful, legitimate, non-discriminatory, and non-retaliatory

23   reasons without malice, oppression, or fraud, and/or based on the relevant facts and circumstances

24   known to Defendant at the time they acted.

25   **SIXTEENTH AFFIRMATIVE DEFENSE**

26   16.   As a separate and distinct affirmative defense, Defendant alleges that the

27   Complaint and each cause of action set forth therein are barred, in whole or in part, because

28   Defendant acted reasonably in good faith, in conformity with and in reliance on written

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

4

1    administrative regulations, orders, rulings, guidelines, approvals, and/or interpretations of

2    governmental agencies, and on the basis of a good-faith and reasonable belief that Defendant had

3    complied fully with applicable law.

4                        **SEVENTEENTH AFFIRMATIVE DEFENSE**

5            17.    As a separate and distinct affirmative defense, Defendant alleges that the

6    Complaint and each cause of action set forth therein cannot be maintained against Defendant

7    because Defendant's acts or omissions alleged in the Complaint were protected by the managerial

8    privilege as all actions taken with respect to Plaintiff's employment were undertaken and exercised

9    with proper managerial discretion in good faith, and for legitimate, lawful reasons.

10                        **EIGHTEENTH AFFIRMATIVE DEFENSE**

11           18.    As a separate and distinct affirmative defense, Defendant alleges that any

12   unlawful or wrongful acts, if any, taken by Defendant's officers, directors, managing agents, and/or

13   employees were outside the course and scope of their employment and authority, and such acts, if

14   any, were not authorized, ratified, or condoned by Defendant, and Defendant did not know and/or

15   should not have known of such conduct.

16                        **NINETEENTH AFFIRMATIVE DEFENSE**

17           19.    As a separate and distinct affirmative defense, Defendant alleges that the

18   Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust all

19   internal grievance and/or complaint procedures.

20                        **TWENTIETH AFFIRMATIVE DEFENSE**

21           20.    As a separate and distinct affirmative defense, Defendant alleges that the

22   Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust

23   administrative remedies.

24                        **TWENTY-FIRST AFFIRMATIVE DEFENSE**

25           21.    As a separate and distinct affirmative defense, Defendant alleges that the

26   Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent

27   that they exceed the scope of the charges made by Plaintiff before the California Department of

28   Fair Employment and Housing and/or the Equal Employment Opportunity Commission, if any.

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

5

1

### TWENTY-SECOND AFFIRMATIVE DEFENSE

2      22.      As a separate and distinct affirmative defense, Defendant alleges that the

3 Complaint and each cause of action set forth therein cannot be maintained against Defendant

4 because Plaintiff's claims are barred by the applicable statutes of limitations, including but not

5 limited to those set forth in California Government Code sections 12960 and 12965 and California

6 Code of Civil Procedure sections 335.1, 338(a), 339(1), and 340(c).

7

### TWENTY-THIRD AFFIRMATIVE DEFENSE

8      23.      As a separate and distinct affirmative defense, Defendant alleges that the

9 Complaint and each cause of action set forth therein seeking recovery for the alleged physical,

10 mental, and/or emotional distress injuries are preempted and barred by the exclusive remedy

11 provisions of the California Workers' Compensation Act, California Labor Code section 3600, *et*

12 *seq*., and California Labor Code section 132(a) to the extent that (a) an employee/employer

13 relationship existed subject to workers' compensation coverage; (b) Defendant provided workers'

14 compensation insurance at no cost to Plaintiff; (c) Plaintiff's conduct was within the course and

15 scope of Plaintiff's employment; and, (d) the alleged injuries, if any, were proximately caused by

16 the employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

17

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

18      24.      As a separate and distinct affirmative defense, Defendant alleges that the

19 Complaint and each cause of action set forth therein are barred, in whole or in part, because at all

20 relevant times: (a) Defendant acted in good faith and exercised reasonable care to prevent and

21 promptly correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendant

22 denies occurred), including but not limited to promulgating and maintaining anti-discrimination,

23 anti-retaliation and/or open-door policies with an internal grievance and/or complaint procedure,

24 which were communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the

25 established internal grievance and/or complaint procedure and any preventive or corrective

26 opportunities provided by the employer or to otherwise avoid harm; and, (c) Plaintiff's reasonable

27 use of Defendant's procedures as required by Defendant's employment policies would have

28 prevented at least some, if not all, of the purported harm that Plaintiff allegedly suffered.

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

6

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

2    25.    Defendant alleges that some or all of Plaintiff's claims for damages are

3 barred by the doctrine of set-off.

4

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

5    26.    As a separate and distinct affirmative defense, Defendant alleges that any

6 recovery to which Plaintiff might otherwise allegedly be entitled must be offset, denied, or reduced

7 by any benefits, monies, and/or compensations that Plaintiff had received or will receive from any

8 other sources, including but not limited to unemployment insurance, private insurance, pension

9 benefits, workers' compensation, and any sums earned by Plaintiff in other employment.

10

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

11    27.    As a separate and distinct affirmative defense, Defendant alleges that

12 Plaintiff has failed to state a claim upon which relief may be granted, which includes, *inter alia*,

13 recovery of costs of suit and attorneys' fees, penalties, compensatory damages, punitive damages,

14 and special and incidental damages.

15

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

16    28.    As a separate and distinct affirmative defense, Defendant alleges that

17 Plaintiff is not entitled to recover punitive, exemplary, and/or emotional distress damages on the

18 grounds that any award of punitive, exemplary, or emotional distress damages under California law

19 in general, and/or as applied to the facts of this specific action, violates Defendant's constitutional

20 rights under provisions of the United States and California Constitutions, including but not limited

21 to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the

22 United States Constitution, the excessive fines and cruel and unusual punishment clauses of the

23 Eighth Amendment of the United States Constitution, and Article I, Sections 7 and 17 and Article

24 IV, Section 16 of the California Constitution.

25

## TWENTY-NINTH AFFIRMATIVE DEFENSE

26    29.    As a separate and distinct affirmative defense, Defendant alleges that

27 Plaintiff is precluded from recovering punitive damages from Defendant, because: (a) any actions,

28 conducts, statements, or omissions alleged in the Complaint were not taken with advance

LITTLER MENDELSON, P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

7

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1   knowledge, conscious disregard, authorization, or ratification of malice, oppression, or fraud on the

2   part of Defendant or any officer, director, or managing agent thereof; (b) Defendant's good faith

3   efforts to prevent discrimination, retaliation, and otherwise unlawful behavior bars any award of

4   punitive damages; and, (c) the Complaint and each cause of action set forth therein fail to plead

5   facts sufficient to support the recovery of punitive damages under the applicable provisions of

6   California Civil Code section 3294, or such other statutes of similar effect that may be applicable.

7   (See Cal. Civ. Code § 3294(b).)

8                          **THIRTIETH AFFIRMATIVE DEFENSE**

9          30.    As a separate and distinct affirmative defense, Defendant alleges that the

10  Complaint and each cause of action set forth therein cannot be maintained against Defendant

11  because Plaintiff was an at-will employee at all relevant times, with no entitlement to continued

12  employment.

13                      **THIRTY-FIRST AFFIRMATIVE DEFENSE**

14         31.    As a separate and distinct affirmative defense, Defendant is informed and

15  believe that further investigation and discovery will reveal, and on that basis allege, that Plaintiff's

16  claims are barred by her failure to comply with the terms, conditions, covenants, and promises

17  required to be performed by Plaintiff in accordance with the policy, or any other agreement or

18  agreements, including but not limited to the applicable collective bargaining agreement(s).

19                     **THIRTY-SECOND AFFIRMATIVE DEFENSE**

20         32.    As a separate and distinct affirmative defense, Defendant alleges that

21  Plaintiff's Complaint, and each cause of action alleged therein, or some of them, are barred to the

22  extent that they are preempted by Section 301 of the Labor Management Relations Act, section 7

23  of the National Labor Relations Act, 29 U.S.C. § 185.

24                      **RESERVATION OF ADDITIONAL DEFENSES**

25         Defendant alleges that because the Complaint is couched in conclusory terms, all

26  affirmative defenses that may be applicable cannot be fully anticipated.  Accordingly, the right to

27  assert additional affirmative defenses, if and to the extent that such affirmative defenses are

28  applicable, is reserved.  In addition, Defendant reserves the right to amend this Answer should

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

8

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1  Defendant later discover facts demonstrating the existence of new and/or additional affirmative

2  defenses, and/or should a change in the law support the inclusion of new and/or additional

3  affirmative defenses.

### JURY DEMAND

5        Defendant demands a jury on all issues triable to a jury.

### PRAYER

7        WHEREFORE, Defendant prays for judgment as follows:

8          1.     That Plaintiff takes nothing by the way of the Complaint on file herein;

9          2.     That judgement be awarded in favor of Defendant;

10          3.     That Plaintiff's Complaint be dismissed with prejudice in its entirety as to

11  Defendant;

12          4.     That Defendant be awarded all costs of suit incurred by it in this action;

13          5.     That Defendant be awarded Defendant's reasonable attorneys' fees; and

14          6.     For such other and further relief as the Court may deem just and proper.

15  Dated: February 28, 2023               LITTLER MENDELSON, P.C.

17

18                                Ryan L. Eddings

                              Julie R. Campos

19                                Attorneys for Defendant

                              PACIFIC GAS AND ELECTRIC COMPANY

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## **PROOF OF SERVICE**

2       I am a resident of the State of California, over the age of eighteen years, and not a

3   party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno,

4   California  93704.2225. On February 28, 2023, I served the within document(s):

5       DEFENDANT PACIFIC GAS AND ELECTRIC COMPANY'S
        ANSWER TO PLAINTIFF'S COMPLAINT

6

7   ☐   by facsimile transmission at or about _____ on that date. This document was
        transmitted by using a facsimile machine that complies with California Rules of

8       Court Rule 2003(3), telephone number . The transmission was reported as complete
        and without error. A copy of the transmission report, properly issued by the

9       transmitting machine, is attached. The names and facsimile numbers of the person(s)
        served are as set forth below.

10

11  ☐   by placing a true copy of the document(s) listed above for collection and mailing
        following the firm's ordinary business practice in a sealed envelope with postage
        thereon fully prepaid for deposit in the United States mail at Fresno, California

12      addressed as set forth below.

13  ☐   by depositing a true copy of the same enclosed in a sealed envelope, with delivery
        fees provided for, in an overnight delivery service pick up box or office designated

14      for overnight delivery, and addressed as set forth below.

15  ☐   by personally delivering the document(s) listed above to the person(s) at the
        address(es) set forth below.

16

17  ☒   Based on a court order or an agreement of the parties to accept service by e-mail or
        electronic transmission, I caused the documents to be sent to the persons at the e-

18      mail addresses on the attached service list on the dates and at the times stated thereon.
        I did not receive, within a reasonable time after the transmission, any electronic

19      message or other indication that the transmission was unsuccessful. The electronic
        notification address of the person making the service is eherrera@littler.com.

20

21      Jerome Anthony Clay
        LAW OFFICES OF JEROME A. CLAY

22      5250 Claremont Avenue, Suite 221
        Stockton, CA 95207

23      Phone: 209-603-9852
        Fax: 510-280-2841

24      Jclay7@claylaw.net

25      Attorney for Plaintiff Latasha M. Wince

26

27

28

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1            I am readily familiar with the firm's practice of collection and processing

2    correspondence for mailing and for shipping via overnight delivery service.  Under that practice it

3    would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,

4    deposited in an overnight delivery service pick-up box or office on the same day with postage or

5    fees thereon fully prepaid in the ordinary course of business.

6

7            I declare that I am employed in the office of a member of the bar of this court at

8    whose direction the service was made.  Executed on February 28, 2023, at Fresno, California.

9

10                   */s/ Erendira Herrera*
                     Erendira Herrera

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

PROOF OF SERVICE

Exhibit "C"



**null / ALL**
**Transmittal Number: 26305040**
**Date Processed: 01/31/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Jen Donat<br>Pacific Gas and Electric Company<br>77 Beale Street<br>24TH Fl<br>San Francisco, CA 94105-1814 |
| **Electronic copy provided to:** | Jeff Hudspeth |

| | |
|---|---|
| **Entity:** | Pacific Gas and Electric Company<br>Entity ID Number  3070706 |
| **Entity Served:** | Pacific Gas And Electric Company |
| **Title of Action:** | Latasha M. Wince vs. Pacific Gas and Electric Company |
| **Matter Name/ID:** | Latasha M. Wince vs. Pacific Gas and Electric Company (13552913) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Sacramento County Superior Court, CA |
| **Case/Reference No:** | 34-2023-00333165 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/30/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Law Offices of Jerome A. Clay<br>209-603-9852 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Superior Court Of California,
Sacramento       **SUM-100**

01/19/2023

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

By _____, Deputy

**Case Number:**

**34-2023-00333155**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PACIFIC GAS and ELECTRIC COMPANY a California corporation;
JANAE VALENCIA, an individual; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LATASHA M. WINCE, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* Superior Court of California, County of Sacramento<br>Gordon D. Schaber Sacramento County Courthouse<br>720 9th Street, Sacramento, California 95814 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*  Jerome Anthony Clay, Jr., Esq.
LAW OFFICES OF JEROME A. CLAY, 5250 Claremont Avenue, Suite 221, Stockton, California 95207
Telephone: (209) 603-9852 Facsimile: (510) 280-2841 E-mail: Jclay7@claylaw.net

| DATE:<br>*(Fecha)* **JAN 19 2023** | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
Jerome Anthony Clay, Jr., Esq. (SBN: 327175)
LAW OFFICES OF JEROME A. CLAY
5250 Claremont Avenue, Suite 221, Stockton, California 95207
TELEPHONE NO.: (209) 603-9852    FAX NO. *(Optional)* (510) 280-2841
E-MAIL ADDRESS  jclay7@claylaw.net
ATTORNEY FOR *(Name)*  Plaintiff, LATASHA M. WINCE

FOR COURT USE ONLY
FILED
Superior Court Of California,
Sacramento
01/18/2023
amoreno9
By _____, Deputy
Case Number:
34-2023-00333155

BY FAX

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO
STREET ADDRESS: 720 9th Street
MAILING ADDRESS: 720 9th Street
CITY AND ZIP CODE: Sacramento, California 95814
BRANCH NAME: Gordon D. Schaber Sacramento County Courthouse

CASE NAME:
Wince vs PG&E et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) □ Limited (Amount demanded is $25,000 or less) | □ Counter  □ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
□ Auto (22)
□ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
□ Asbestos (04)
□ Product liability (24)
□ Medical malpractice (45)
□ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
□ Business tort/unfair business practice (07)
□ Civil rights (08)
□ Defamation (13)
□ Fraud (16)
□ Intellectual property (19)
□ Professional negligence (25)
□ Other non-PI/PD/WD tort (35)
**Employment**
[X] Wrongful termination (36)
□ Other employment (15)

**Contract**
□ Breach of contract/warranty (06)
□ Rule 3.740 collections (09)
□ Other collections (09)
□ Insurance coverage (18)
□ Other contract (37)
**Real Property**
□ Eminent domain/Inverse condemnation (14)
□ Wrongful eviction (33)
□ Other real property (26)
**Unlawful Detainer**
□ Commercial (31)
□ Residential (32)
□ Drugs (38)
**Judicial Review**
□ Asset forfeiture (05)
□ Petition re: arbitration award (11)
□ Writ of mandate (02)
□ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
□ Antitrust/Trade regulation (03)
□ Construction defect (10)
□ Mass tort (40)
□ Securities litigation (28)
□ Environmental/Toxic tort (30)
□ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
□ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
□ RICO (27)
□ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
□ Partnership and corporate governance (21)
□ Other petition *(not specified above)* (43)

2. This case □ is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. □ Large number of separately represented parties
   b. □ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. □ Substantial amount of documentary evidence
   d. □ Large number of witnesses
   e. □ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. □ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. □ monetary  b. □ nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: 4 (Discrimination, Harassment, Wrongful Termination, Retaliation, Emotional Distress)
5. This case [X] is  □ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 18, 2023

Jerome Anthony Clay, Jr.
_____     ▶   _Jerome A Clay_
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
      Case Matter
    Writ—Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET | |
| MAILING ADDRESS: 720 Ninth STREET | |
| CITY AND ZIPCODE: Sacramento, CA 95814-1311 | |
| BRANCH NAME: Gordon D Schaber Courthouse | |
| PHONE NUMBER: (916) 874-5522 | |

| SHORT TITLE: Wince vs. Pacific Gas and Electric Company, a Californi | |

| NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR | CASE NUMBER: 34-2023-00333155-CU-WT-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 12/01/2023 in Department 38 in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
-Served all parties named in the complaint within 60 days after the summons has been issued
-Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
-Met and conferred with all parties as required by CRC 3.724 to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov/PublicCaseAccess/

**Remote Appearances**
Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 01/27/2023

*Kenneth C. Mennemeier, Jr.*

_____
Kenneth C. Mennemeier  , Judge of the Superior Court

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**



**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA 95814-1380 (916)
874-5522—Website www.saccourt.ca.gov

## NOTICE AND ORDER OF COMPLEX CASE DETERMINATION

**Case Title:** _LATASHA M. WINCE v. PACIFIC GAS AND ELECTRIC CO._ **Case Number:** _34-2023-00333155_

Having reviewed and considered the pleadings on file, the court orders:

☐ **THE CASE IS DEEMED COMPLEX** and is assigned to:

_____ Hon. Jill Talley presiding in department 25       _____ Hon. Lauri Damrell presiding in dept. 28

This assignment is for all purposes pursuant to California Rules of Court 3.734, et seq. for complex case management, law and motion, and pre-assigned to this department for trial. Other motions reference in Local Rule 1.05 shall also be heard in this department.

| This action involves one or more of the following: | The action is likely to involve: |
|---|---|
| ☐ Antitrust or trade regulations claims | ☐ Numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve |
| ☐ Construction defect claims involving many parties | ☐ Management of large number of witnesses or a substantial amount of documentary evidence |
| ☐ Securities claims or investment losses involving many parties | ☐ Management of a large number of separately represented parties |
| ☐ Environmental or toxic tort claims involving many parties | ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court |
| ☐ Claims involving mass torts | |
| ☐ Claims involving class actions | ☐ Substantial post judgment judicial supervision |
| ☐ Insurance coverage claims arising out of any of the claims lited above | ☐ Other: |

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section 70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties (Cal. Gov. Code § 70616(g)).

☑ **THE CASE IS DECLARED NOT COMPLEX:** Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

**The plaintiff is directed to serve all other parties with a copy of this order.**

DATED: _____1/23/23_____

STEVEN GEVERCER
Supervising Judge Civil Division
Superior Court of California, County of Sacramento

CV/I-205 PJ (Rev: 03/2022)       Notice and Order of Complex Case Determination – Presiding Judge

**CERTIFICATE OF SERVICE BY MAILING**
**(C.C.P. Sec. 1013a(4))**

LATASHA M. WINCE v. PACIFIC GAS AND ELECTRIC CO.
Case No.: 34-2023-00333155

I, the Clerk of the Superior Court of California, County of Sacramento, certify that I am not a party to this cause, and on the date shown below I served the foregoing **NOTICE and ORDER OF COMPLEX CASE DETERMINATION,** by depositing true copies thereof, enclosed in separate, sealed envelopes with the postage fully prepaid, in the United States Mail at Sacramento, California, each of which envelopes was addressed respectively to the persons and addresses shown below:

**JEROME A. CLAY JR.**
LAW OFFICES OF JEROME A. CLAY
5250 CLAREMONT AVE STE 221
STOCKTON, CA 95207

I, the undersigned deputy clerk, declare under penalty of perjury that the foregoing is true and correct.

Dated:   1/24/23

Superior Court of California,
County of Sacramento

A.O'Donnell

Exhibit "D"

1 Ryan L. Eddings, Bar No. 256519
 reddings@littler.com
2 Julie R. Campos, Bar No. 314063
 jcampos@littler.com
3 LITTLER MENDELSON, P.C.
 5200 North Palm Avenue
4 Suite 302
 Fresno, California  93704.2225
5 Telephone: 559.244.7500
 Fax No.: 559.244.7525
6

7 Attorneys for Defendant
 PACIFIC GAS AND ELECTRIC COMPANY

8

     SUPERIOR COURT OF THE STATE OF CALIFORNIA
9

        COUNTY OF SACRAMENTO
10

11

| | |
|---|---|
| LATASHA M. WINCE, an individual, | Case No.  34-2023-00333155-CU-WT-GDS |
| Plaintiff, | **NOTICE TO PLAINTIFF OF DEFENDANT'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |
| v. | |
| PACIFIC GAS and ELECTRIC COMPANY, a California corporation; JANAE VALENCIA, an individual; and DOES 1 through 50, inclusive, | Department 38<br>Trial Date: TBD<br>Complaint Filed:   January 18, 2023 |
| Defendants. | |

18

19 **TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

20    PLEASE TAKE NOTICE that on March 1, 2023, the above-captioned matter was

21 removed from the Superior Court of the State of California, County of Sacramento where it was

22 previously pending, to the United States District Court for the Eastern District of California,

23 pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446.  A copy of the Notice of Removal filed by

24 Defendant PACIFIC GAS AND ELECTRIC COMPANY ("Defendant"), is attached hereto as

25 **Exhibit 1**.

26

27

28

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

1

NOTICE TO PLAINTIFF OF DEFENDANT'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1 | Dated:  March 1, 2023

2 |                              LITTLER MENDELSON, P.C.

3

4 |                              Ryan L. Eddings
                             Julie R. Campos

5

6 |                              Attorneys for Defendant
                             PACIFIC GAS AND ELECTRIC COMPANY

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

NOTICE TO PLAINTIFF OF DEFENDANT'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

1

## **PROOF OF SERVICE**

2
      I am a resident of the State of California, over the age of eighteen years, and not a

3
party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno,

4
California 93704.2225. On March 1, 2023, I served the within document(s):

5
      NOTICE TO PLAINTIFF OF DEFENDANT'S REMOVAL OF
6
      CIVIL ACTION TO FEDERAL COURT

7
☐    by facsimile transmission at or about _____ on that date. This document was
8
      transmitted by using a facsimile machine that complies with California Rules of
      Court Rule 2003(3), telephone number . The transmission was reported as complete
9
      and without error. A copy of the transmission report, properly issued by the
      transmitting machine, is attached. The names and facsimile numbers of the person(s)
10
      served are as set forth below.

11
☐    by placing a true copy of the document(s) listed above for collection and mailing
      following the firm's ordinary business practice in a sealed envelope with postage
12
      thereon fully prepaid for deposit in the United States mail at Fresno, California
      addressed as set forth below.

13
☐    by depositing a true copy of the same enclosed in a sealed envelope, with delivery
14
      fees provided for, in an overnight delivery service pick up box or office designated
      for overnight delivery, and addressed as set forth below.

15
☐    by personally delivering the document(s) listed above to the person(s) at the
16
      address(es) set forth below.

17
☒    Based on a court order or an agreement of the parties to accept service by e-mail or
      electronic transmission, I caused the documents to be sent to the persons at the e-
18
      mail addresses on the attached service list on the dates and at the times stated thereon.
      I did not receive, within a reasonable time after the transmission, any electronic
19
      message or other indication that the transmission was unsuccessful. The electronic
      notification address of the person making the service is eherrera@littler.com.

20

21
      Jerome Anthony Clay
      LAW OFFICES OF JEROME A. CLAY
22
      5250 Claremont Avenue, Suite 221
      Stockton, CA 95207
23
      Phone: 209-603-9852
      Fax: 510-280-2841
24
      Jclay7@claylaw.net

25
      Attorney for Plaintiff Latasha M. Wince
26

27

28

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on March 1, 2023, at Fresno, California.

*/s/ Erendira Herrera*
Erendira Herrera

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2                                    PROOF OF SERVICE

Exhibit "E"

1   Ryan L. Eddings, Bar No. 256519
    reddings@littler.com
2   Julie R. Campos, Bar No. 314063
    jcampos@littler.com
3   LITTLER MENDELSON, P.C.
    5200 North Palm Avenue
4   Suite 302
    Fresno, California  93704.2225
5   Telephone:     559.244.7500
    Fax No.:        559.244.7525
6
    Attorneys for Defendant
7   PACIFIC GAS AND ELECTRIC COMPANY

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                                COUNTY OF SACRAMENTO

10

11

12   LATASHA M. WINCE, an individual,          Case No.  34-2023-00333155-CU-WT-GDS

            Plaintiff,                         **NOTICE TO STATE COURT OF**
13                                             **DEFENDANT'S REMOVAL OF CIVIL**
                                               **ACTION TO FEDERAL COURT**
14       v.

15   PACIFIC GAS and ELECTRIC COMPANY, a
     California corporation; JANAE VALENCIA, an    Department 38
16   individual; and DOES 1 through 50, inclusive, Trial Date: TBD
                                                   Complaint Filed:   January 18, 2023
            Defendants.
17

18

19   **TO THE CLERK OF THE SACRAMENTO COUNTY SUPERIOR COURT:**

20          PLEASE TAKE NOTICE that on March 1, 2023, the above-captioned matter was removed

21   from the Superior Court of the State of California, County of Sacramento where it was previously

22   pending, to the United States District Court for the Eastern District of California, pursuant to 28

23   U.S.C. §§ 1331, 1441(a), and 1446.  A copy of the Notice of Removal filed by Defendant PACIFIC

24   GAS AND ELECTRIC COMPANY ("Defendant"), is attached hereto as **Exhibit 1**.

25          PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing of a

26   Notice of Removal in the United States District Court, together with the filing of a copy of a Notice

27   of Filing Notice of Removal with this Court, effects the removal of this action, and this Court may

28   proceed no further unless and until the case is remanded.

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE TO STATE COURT OF DEFENDANT'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1

2   Dated: March 1, 2023

3                                          LITTLER MENDELSON, P.C.

4

5                                          Ryan L. Eddings
                                           Julie R. Campos

6
                                           Attorneys for Defendant
7                                          PACIFIC GAS AND ELECTRIC COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

NOTICE TO STATE COURT OF DEFENDANT'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 5200 North Palm Avenue, Suite 302, Fresno, California 93704.2225. On March 1, 2023, I served the within document(s):

> NOTICE TO STATE COURT OF DEFENDANT'S REMOVAL OF
> CIVIL ACTION TO FEDERAL COURT

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number . The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☐ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Fresno, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is eherrera@littler.com.

Jerome Anthony Clay
LAW OFFICES OF JEROME A. CLAY
5250 Claremont Avenue, Suite 221
Stockton, CA 95207
Phone: 209-603-9852
Fax: 510-280-2841
Jclay7@claylaw.net

Attorney for Plaintiff Latasha M. Wince

LITTLER MENDELSON,
P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

PROOF OF SERVICE

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service.  Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on March 1, 2023, at Fresno, California.

/s/ Erendira Herrera
Erendira Herrera

LITTLER MENDELSON,
P.C.
Attorneys at Law
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2                               PROOF OF SERVICE