UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA M. WINCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY, et al.,<br><br>　　　　Defendants. | No. 2:23-cv-00385-MCE-JDP<br><br>**MEMORANDUM AND ORDER** |

On January 18, 2023, Plaintiff Latasha M. Wince ("Plaintiff") filed her Complaint in the Superior Court of California, County of Sacramento, against her former employer Pacific Gas and Electric Company ("PG&E") and supervisor Janae Valencia ("Valencia") (collectively, "Defendants"), alleging the following causes of action:  (1) Race Discrimination, Harassment, and Retaliation in Violation of California's Fair Employment and Housing Act, California Government Code §§ 12940 et seq. ("FEHA"), against Defendants; (2) Wrongful Termination in Violation of Public Policy against PG&E; (3) Failure to Take All Reasonable and Necessary Steps to Prevent and Correct Discrimination, Harassment, and Retaliation in Violation of FEHA against PG&E; and (4) Intentional Infliction of Emotional Distress ("IIED") against Defendants.  See Ex. A, Not. Removal, ECF No. 1, at 11–23 ("Compl.").  PG&E subsequently removed the case

to this Court on March 1, 2023, pursuant to federal question jurisdiction under 28 U.S.C. § 1331.  See Not. Removal, ECF No. 1, at 1–9 ("Not. Removal").  Presently before the Court is Plaintiff's Motion to Remand.  ECF Nos. 9 ("Pl.'s Mot."), 11 ("PG&E's Opp'n").[1]  For the following reasons, Plaintiff's Motion is GRANTED.[2]

## BACKGROUND

On July 21, 2021, Plaintiff began working for PG&E as a Customer Service Representative.  See Compl. ¶ 12; Ponce Decl., ECF No. 6 ¶ 4 (declaration from PG&E's Labor Relations Specialist).  At all relevant times, the terms and conditions of Plaintiff's employment were governed by a collective bargaining agreement ("CBA") entered into between PG&E and the International Brotherhood of Electrical Workers (the "Union").  Id. ¶ 3.  "During Plaintiff's employment with PG&E, she was classified within the Union-represented bargaining unit and therefore subject to the CBA."  Id. ¶ 4.  "Throughout her employment, Plaintiff was designated as a probationary employee."  Id.

In her Complaint, Plaintiff alleges that she was racially discriminated against by her supervisor Valencia, who "frequently used Spanish during meetings and group chats" and "provided instructions in Spanish" even though not everyone knew Spanish and "the job information and training were provided to Plaintiff in English."  See Compl. ¶¶ 15–16, 29.  When Plaintiff raised this issue, Valencia allegedly stopped passing customers' reviews and compliments to her and assigned Plaintiff a mentor even though Plaintiff "was quite familiar with her work and was doing it well[.]"  See id. ¶¶ 17–20.  On March 4, 2022, Plaintiff states that, without any specific reason, PG&E terminated her employment.  Id. ¶ 21.  Plaintiff alleges that she "was paying [the Union]'s dues, but in order to fully benefit from them, she needed eight months of membership."  Id. ¶ 23.

---

[1] Plaintiff did not file a Reply brief.

[2] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

However, Plaintiff's termination occurred one week before she became a full member of the Union and thus, "she was unable to initiate any grievance procedures." Id. ¶¶ 22–23.

## STANDARD

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States, [or] citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)–(2).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

The district court determines whether removal is proper by first determining whether a federal question exists on the face of the plaintiff's well-pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). If a complaint alleges only state-

1 law claims and lacks a federal question on its face, then the federal court must grant the
2 motion to remand.  See 28 U.S.C. § 1447(c); Caterpillar, 482 U.S. at 392.  Nonetheless,
3 there are rare exceptions when a well-pleaded state-law cause of action will be deemed
4 to arise under federal law and support removal.  They are "(1) where federal law
5 completely preempts state law, (2) where the claim is necessarily federal in character, or
6 (3) where the right to relief depends on the resolution of a substantial, disputed federal
7 question."  ARCO Env't Remediation L.L.C. v. Dep't of Health & Env't Quality, 213 F.3d
8 1108, 1114 (9th Cir. 2000) (internal citations omitted).

9 If the district court determines that removal was improper, then the court may also
10 award the plaintiff costs and attorney fees accrued in response to the defendant's
11 removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees
12 whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth-
13 Century Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).

## ANALYSIS

### A.    Motion to Remand[3]

PG&E contends that this Court has federal question jurisdiction because Plaintiff's causes of action are preempted by § 301 of the Labor Management Relations Act ("LMRA"), which confers federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . ."  See Not. Removal ¶¶ 16–23; 29 U.S.C. § 185(a).  Section 301 extends "beyond suits alleging contract violations to state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA."  Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024,

---

[3] Plaintiff argues that removal is improper, in part, because Valencia has not joined or consented to removal.  See Pl.'s Mot., at 9–10.  PG&E counters that "Valencia had not been served with the Complaint at the time of the filing of [PG&E's] Removal, and to [PG&E's] knowledge, still has not been served."  PG&E's Opp'n, at 7.  Only "defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  There is nothing in the present record indicating that Valencia has been served and Plaintiff's lack of a Reply brief infers as much.  Accordingly, remand on this ground is unwarranted.

4

1032 (9th Cir. 2016) (citation and internal quotation marks omitted). However, "not every dispute concerning employment, or tangentially involving a provision of a [CBA], is pre-empted by § 301[.]" Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985).

In determining whether LMRA preemption applies, "[t]he plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." Cramer v. Consol. Frieghtways, Inc., 255 F.3d 683, 691 (9th Cir. 2001). Specifically, "adjudication of the claim must require interpretation of a provision of the CBA." Id. at 691–92. "[R]eference to or consideration of the terms of a [CBA] is not the equivalent of interpreting the meaning of the terms." Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 749 (9th Cir. 1993).

According to PG&E, "Plaintiff's claims hinge on whether [PG&E] terminated Plaintiff in violation of the CBA, whether Plaintiff's termination was motivated [by] an intent to deny Plaintiff 'full' benefits under the CBA, and whether Plaintiff had access to the grievance procedure as a probationary employee under the CBA." Not. Removal ¶ 17. Because "[t]he resolution of each of these claims requires the interpretation of the terms of the CBA," PG&E contends that removal is proper. Id. The Court disagrees.

The issues underlying all four causes of action is whether Plaintiff has been subjected to discrimination, harassment, and/or retaliation, and whether PG&E failed to prevent those transgressions, none of which require interpretation of the CBA. See Garcia v. Kaiser Found. Hosps., No. CV 08-4153 ODW (MANx), 2008 WL 4949045, at *4 (C.D. Cal. Nov. 17, 2008) ("The Ninth Circuit has consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by § 301.") (collecting cases); id. at *5 ("Because California law establishes that 'FEHA's provisions prohibiting discrimination may provide the policy basis for a claim for wrongful discharge in violation of public policy,' Plaintiff's [wrongful termination] cause of action exists independent of any contractual right and is therefore not preempted by the LMRA.") (quoting Estes v. Monroe, 120 Cal. App. 4th 1347, 1355 (2004)); Martinez v. Kaiser Found. Hosps., No. C-12-1824 EMC, 2012 WL

2598165, at *6 (N.D. Cal. July 5, 2012) (finding no § 301 preemption of IIED claim when "the focus is on discriminatory treatment, rather than the substantive provisions of the CBA."). Instead, adjudication of these claims "turns on Defendants' motives, not the parties' contractual rights—whatever the CBA establishes those rights to be." Garcia, 2008 WL 4949045, at *4.

PG&E contends that the CBA does not exclude probationary employees like Plaintiff from grievance procedures or just cause termination rights and cites provisions of the CBA to those effects. See Not. Removal ¶¶14–15; PG&E's Opp'n, at 3–4. However, "[i]f the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." Cramer, 255 F.3d at 691. For example, drawing all inferences in her favor, Plaintiff alleges, in part, that she "was terminated just one week before becoming a full member of" the Union and thus "unable to initiate any grievance procedures" in retaliation for complaining about the alleged discrimination. See Compl. ¶¶ 12–25. Again, the question is PG&E's motive behind Plaintiff's termination, not whether she was terminated in accordance with the Union's policies.

Ultimately, the Court finds that Plaintiff's claims are not preempted by § 301 of the LMRA. Therefore, Plaintiff's Motion to Remand is GRANTED.

### B.    Request for Attorneys' Fees

Should the Court grant her Motion to Remand, Plaintiff argues that her counsel is entitled to $2,000 in attorneys' fees and costs because PG&E lacked an objectively reasonable basis for seeking removal. See Pl.'s Mot., at 10–11. Although the Court finds removal was improper, it does not agree that it was objectively unreasonable given that "[t]he demarcation between preempted claims and those that survive § 301's reach is not . . . a line that lends itself to analytical precision." Cramer, 255 F.3d at 691 ("'Substantial dependence' on a CBA is an inexact concept, turning on the specific facts of each case, and the distinction between 'looking to' a CBA and 'interpreting' it is not

///

6

always clear or amenable to a bright-line test."). As such, the Court does not find that an award of attorneys' fees and costs is warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 9, is GRANTED. The Clerk of Court is directed to remand this case back to the Superior Court of California, County of Sacramento, and to close the case.

IT IS SO ORDERED.

Dated: July 14, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE